SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
G Daniel Newland (SBN 087965)
dnewland@seyfarth.com
Tara Mirchandani (SBN 340477)
tmirchandani@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
James Sobolov (SBN 352529)
jsobolov@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile: (213) 270-960

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA LITVINOVA, an individual;<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS; KAISER PERMANENTE; ANA HOUSE; SUZETTE SMITH; EUCHARIA VIXON; LIONEL HOYTE; LAURA JEFFERSON; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL**<br><br>[San Francisco County Superior Court, Case No. Case No. CGC-25-626298]<br><br>*[Filed Concurrently with Declaration of Tara Mirchandani in Support of Notice of Removal; Declaration of Kisha Grove In Support of Notice of Removal; Civil Cover Sheet; Notice of Interested Parties or Entities; and Corporate Disclosure Statement]*<br><br>Date Action Filed:     June 20, 2025 |

1
2
3

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

4
5
6
7
8
9
10

     **PLEASE TAKE NOTICE** that Defendant KAISER FOUNDATION HOSPITALS ("Defendant" or "KFH") hereby removes to this Court the above-captioned matter from the Superior Court of the State of California for the County of San Francisco, to the United States District Court for the Northern District, pursuant to 28 U.S.C. §§ 1331, 1441, and 1445. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331, because it arises under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

11

**I.    PROCEDURAL BACKGROUND**

12
13
14
15
16
17
18
19

     1.     On June 20, 2025, Plaintiff Tatyana Litvinova ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Francisco, entitled "*Tatyana Litvinova, Plaintiff, v. Kaiser Foundation Hospitals, Kaiser Permanente, Ana House, Suzette Smith, Eucharia Vixon, Lionel Hoyte, Laura Jefferson and DOES 1-50, Defendants.*" Case No. CGC-25-626298 (the "Complaint" or "Compl."). A true and correct copy of the Complaint is attached as **Exhibit A** to the concurrently filed Declaration of Tara Mirchandani in Support of Defendant's Notice of Removal ("Mirchandani Decl."). (Mirchandani Decl., ¶ 2, Ex. A).

20
21
22
23

     2.     On June 27, 2025, Plaintiff served the Summons, Civil Case Cover Sheet, and filed Complaint on Defendant's agent for service of process. A true and correct copy of the service packet received by Defendant is attached as **Exhibit B** to the Mirchandani Decl. ¶ 3, Ex. B.

24
25
26
27

     3.     The Complaint alleges eight causes of action for: (1) Retaliation in Violation of Labor Code § 1102.5; (2) Harassment and Hostile Work Environment in Violation of FEHA; (3) Failure to Investigate and Prevent Harassment; (4) Violation of Whistleblower Protections; (5) Breach of Contract (Violation of Collective Bargaining Agreement); (6)

28

319025258v.1

Failure to Provide Safe Working Environment; (7) Intentional Infliction of Emotional Distress; and (8) Negligent Supervision and Retention.

4.    Plaintiff has not yet served Defendants Ana House, Suzette Smith, Eucharia Vixon, Lionel Hoyte, or Laura Jefferson. Plaintiff names "Kaiser Permanente" as a Defendant. However, Kaiser Permanente is not a legal entity, and thus has not been served.

5.    Defendant has not filed or received any other pleadings or papers in this action, other than the pleadings included as **Exhibits A through B**. (*See* Tara Mirchandani Decl. ¶ 4).

## II.    REMOVAL IS TIMELY

6.    The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

7.    The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.") Kaiser's 30-day time limit to remove is triggered by Plaintiff's service of Summons and the Complaint on June 27, 2025. *See Murphy Bros, Inc.*, 526 U.S. at 347-48 (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint.") Thirty days from the service of the Summons and Complaint on June 27, 2025 is July 27, 2025.

8.      This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint by personal service on Defendant on June 27, 2025. *See* 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed completed at the time of such delivery.").

### III.     FEDERAL QUESTION JURISDICTION BASED ON THE LABOR MANAGEMENT RELATIONS ACT

9.      Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). This action may be removed to this Court by Defendant under 28 U.S.C. section 1441(b) because it arises under the LMRA, Section 301, codified at 29 U.S.C. Section 185 *et seq.*

10.     Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). A collective bargaining agreement ("CBA") is such a contract, and Section 301 preempts all state-law claims "founded directly on rights created by collective-bargaining agreements." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). "The preemptive force of section 301 is so powerful as to displace entirely any state claim [1] based on a collective bargaining agreement, and [2] any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted). Where a right asserted is rooted in a CBA, the claim must be either treated as a Section 301 claim or dismissed as preempted by federal law. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999) (state law claims seeking to enforce the terms of a CBA are preempted).

11.     The Ninth Circuit has established that the LMRA preempts claims asserted under state law in two independent ways. First, if the claim involves a right that exists because of the CBA rather than state law, the "claim is preempted and [the court's] analysis ends there." *Burnside v. Kiewit Pac. Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007); *see also Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016). Second, if the claim requires the Court to interpret the CBA or is "substantially dependent on analysis of a collective-bargaining agreement," the claim is preempted, even if it is ostensibly based on state law. *See Burnside*, 491 F.3d at 1059; *Curtis*, 913 F.3d at 1152.

12.     This case is preempted by the LMRA for the following reasons: (1) Plaintiff's employment is governed by a CBA; (2) her Breach of Contract (Violation of CBA) (Fifth Cause of Action), is expressly premised on Kaiser's alleged breach of the CBA (alleging that KFH's "conduct violated not only statutory obligations but also the terms of the applicable Collective Bargaining Agreement (CBA), which protects against retaliation and requires fair assignment of work and shift opportunities." (Compl. ¶ 13); and separately (3) adjudication of Plaintiff's FEHA Harassment and Hostile Work Environment claim, Whistleblower Retaliation claim, Failure to Investigate claim, and Negligent Supervision and Retention claim also require interpretation of the CBA; and, in addition (4) Kaiser's defenses also require interpretation of the CBA.

### A.     Plaintiff's Employment Was Governed By a Collective Bargaining Agreement

13.     Plaintiff's employment with KFH was at all relevant times governed by a Collective Bargaining Agreement ("CBA") between the California Nurses Association "CNA" or the "Union"), KFH, and The Permanente Medical Group, Inc. ("TPMG"). (Declaration of Kisha Grove in Support of Defendant's Notice of Removal ("Grove Decl.") ¶ 4)). The most recent version became effective on September 1, 2022 and is effective through August 31, 2026. (*See* Grove Dec. ¶ 5, Ex. A).

319025258v.1

14. Plaintiff acknowledges that her employment was governed by a CBA. Specifically, Plaintiff asserts that "Defendant's conduct breached the terms of the Collective Bargaining Agreement governing Plaintiff's employment." (Compl. ¶22).

**B.  Plaintiff Claims An Express Breach of the Collective Bargaining Agreement and Federal Courts Have Jurisdiction Over Such Claims**

15. Plaintiff's breach of contract claim is subject to federal jurisdiction and preempted by Section 301 because it is squarely premised on Defendant's alleged failure to comply with the CBA. Federal courts have jurisdiction over claims under the LMRA for breaches of collective bargaining agreements. LMRA § 301, codified at 29 U.S.C. § 185 ("Section 301"); *see, e.g.*, *K.V. Mart Co. v. UFCW Local 324*, 173 F.3d 1221, 1223-1225 (9th Cir. 1999). More specifically, Section 301 provides that: "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000); *see also Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988) ("Section 301 . . . creates a federal cause of action for beach of collective bargaining agreements"). In short, any claim based on the violation of a collective bargaining agreement is subject to federal jurisdiction. *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1992) (Section 301 preempts claims "founded directly on rights created by collective bargaining agreements").

16. Plaintiff *expressly* asserts as her basis for Count 5 that KFH breached the parties' CBA by claiming, "Kaiser's conduct violated not only statutory obligations but also terms of applicable Collective Bargaining Agreement," and "Defendants' conduct breached the terms of the Collective Bargaining Agreement." (Compl. ¶¶ 13, 22). *See e.g., Thibodeaux v. Bay Area Bldg. Material Teamsters, Local 853*, No. 17-cv-00188-MEJ, 2017 WL 1493280, at *6 (N.D. Cal. Apr. 26, 2017) (holding that Plaintiff's claims

were preempted by Section 301 of the LMRA where Plaintiff alleged breach of the CBA's terms on the face of the complaint).

17.    Because the Complaint explicitly alleges that Defendant did not abide by CBA, this Court has jurisdiction over this case pursuant to Section 301, and removal is proper. *Miller*, 850 F.2d at 545 ("Federal laws govern suits brought for beach of a collective bargaining agreement, even if brought in state court"); 29 U.S.C. § 185(a).

**C.    Removal Is Also Proper Because the Collective Bargaining Agreement Must Be Interpreted to Adjudicate Liability as to Several of the Claims**

18.    Section 301 also preempts state-law claims "that are substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). In other words, any state claim may be removed if the court must interpret the parties' collective bargaining agreement to resolve the dispute between a Plaintiff and Defendant regarding Plaintiff's causes of action. *Metropolitan Life, Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542 (1987); *Adkins v. Mireles*, 256 F.3d 531, 534 (9th Cir. 2008) (Section 301 preempts state law claims that require a resolution of the meaning of a CBA); *Newberry v. Pacific Racing Association*, 854 F.2d 1142, 1146 (9th Cir. 1988) ("The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement."); *Young v. Anthony's Fish Grottos, Inc.*, 830 F. 2d 993, 997-98 (9th Cir. 1987) (Section 301 preemption supplants state claim with federal claim); *Greenly v. Sara Lee Corp.*, No. CIV S-06-1775 WBS EFB, 2008 WL 1925230, at *21 (E.D. Cal. Apr. 30, 2008) ("The United States Supreme Court has articulated that 'where the right [at issue in the lawsuit] is created by state law [but the application of state law] requires the interpretation of a [CBA],'" state law claims are preempted by Section 301).

DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL

319025258v.1

19.     Here, several of Plaintiff's claims are "substantially dependent upon analysis" of the CBAs governing Plaintiff's employment, and thus under Section 301 are preempted and subject to removal. *Allis-Chalmers Corp.*, 471 U.S. at 211.

20.     Plaintiff's First and Fourth Causes of Action (for Whistleblower Retaliation) are premised on the protected activity she supposedly engaged in which allegedly resulted in the denial of income-generating shifts, exclusion from training and advancement opportunities, and removal from union-related activities — policies and activities which are discussed in detail in the CBA (*See* Grove Dec. ¶ 5, Ex. A). Evaluating Plaintiff's Whistleblower Retaliation claim clearly requires interpretation of the relevant portions of the CBA as her entire claim is based on her allegations that Defendant was inconsistently enforcing CBA policies and excluded her from activities governed by the CBA.

21.     Plaintiff's Second Cause of Action (for Harassment and FEHA Hostile Work Environment) also unquestionably implicates violations of the CBA. By alleging that Kaiser —through managers including Ana House and Suzette Smith —subjected Plaintiff to harassing conduct including, but not limited to, denial of income-generating shifts, exclusion from training and advancement opportunities, and removal from union-related activities, this again requires interpretation of the relevant portions of the CBA.

22.     Plaintiff's Third Cause of Action (for Failure to Investigation and Prevent Harassment) is entirely derivative of her Second Cause of Action, and thus also requires interpretation of the relevant portions of the CBA.

23.     Plaintiff's Seventh Cause of Action (for Intentional Infliction of Emotional Distress) and Eighth Cause of Action (for Negligent Supervision and Retention) are entirely derivative of her First, Second, and Fourth Causes of Action, and thus also requires interpretation of the relevant portions of the CBA.

24.     In sum, Plaintiff's First through Fifth, Seventh and Eighth Causes of Action are based on Plaintiff's contention that Defendant breached the CBA. Therefore, the Court will necessarily need to analyze and interpret the CBA to determine whether

DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL

Plaintiff's First through Fifth, Seventh and Eighth Causes of Action have any merit. Consequently, LMRA § 301 mandates removal.

### D. Defendant's Defenses Will Also Necessarily Require an Interpretation of the CBA

25.    Section 301 preemption applies even where an interpretation of the CBA is required to evaluate only the employer's defenses to a state law cause of action. *See Audette*, 195 F.3d at 1113 (civil rights claim preempted where interpretation of agreement was required in evaluating employer's *defense* that it had a legitimate non-business reason for its actions).

26.    Here, any defenses Defendant pleads will necessarily require an interpretation of the CBA. In order for Defendant to defend the allegation that it harassed and retaliated against Plaintiff by intentionally denying her of income-generating shifts, excluding her from training and advancement opportunities, and removal from union-related activities, it will have to point to the portions of the CBA that specify the criteria governing advancement opportunities, as well as the process for assigning on-call or overtime shifts. For example, Defendant could argue that it properly assigned overtime shifts to employees, subject to their seniority, in order to comply with the terms of the CBA. Evaluating whether Plaintiff was properly notified of overtime shifts requires examining all of the relevant CBA provisions, as well as relevant past practices to see what standard is used to determine "seniority" under the contract's terms.

27.    In short, Section 301 also preempts Plaintiff's state law claims and removal is proper because many of Defendant's defenses, as stated above, will necessarily require interpretation of the CBA.

## IV.    SUPPLEMENTAL JURISDICTION

28.    Plaintiff's First through Fifth, Seventh and Eighth Causes of Action are expressly based upon and substantially dependent upon the CBA that governed her employment, and thus arise under Section 301 of the LMRA, providing this Court with original federal subject matter jurisdiction.

9

29.    In addition, the Court may exercise supplemental jurisdiction over the remaining claims because it arises from the same "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). A plaintiff "may not escape federal labor law preemption by 'artfully' pleading their claims, avoiding references to preemptive federal law." *See Adkins, supra,* 526 F.3d. at 540 n.4 (citing *Hyles v. Mensing*, 849 F.2d 1213, 1215 (9th Cir. 1988)).

30.    The remaining claim (for Failure to Provide Safe Working Environment) in the Complaint pertains to Plaintiff's employment. Plaintiff's Sixth Cause of Action is related to Plaintiff's allegations that Defendant failed to provide a safe work environment free from violence, threats, and harassment, violating California Labor Code and OSHA standards. (Compl. ¶23).

31.    This claim is within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(A), in that it is sufficiently related to the Section 301 claim because it is part of the same case or controversy under Article III of the United States Constitution. *See Nelson v. Foster Poultry Farms*, No. 1:21–CV–00222–JLT–BAM, 2022 WL 970776, at *4 (E.D. Cal. Mar. 31, 2022)) ("It is unnecessary to determine whether Plaintiff's remaining claims are preempted. Those claims relate to the same defendants and are grounded in Plaintiff's employment during the same period of time. Therefore, to the extent Plaintiff's remaining claims are not subject to preemption, supplemental jurisdiction over such claims would be appropriate."); *Bridget v. Telecare Corp.*, No. 2:19-cv-01224-AB-JC, 2019 WL 1931740, at *4 (C.D. Cal. May 1, 2019) ("The Court finds that Plaintiff's remaining claims are within the supplemental jurisdiction of this Court"; *Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 576 (9th Cir. 2014) ('[A] district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA.').

32.    This action is thus removable in its entirety.

DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL

319025258v.1

## V.    VENUE LIES IN THE COURT

33.    The County of San Francisco lies within the jurisdiction of the United States District Court, Northern District of California.

34.    Therefore, without waiving the Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). This Court is the United States District Court for the district within which the State Court Action is pending. Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

## VI.    NOTICE OF REMOVAL

35.    Pursuant to 28 U.S.C. §1446(d), Defendant KFH will promptly give written notice of the filing of this Notice of Removal to Plaintiff, and file the written notice and a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco, in the State Court Action.

36.    This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

37.    In compliance with 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A through B** to this Notice of Removal.

## VII.    PRAYER FOR REMOVAL

38.    WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL

319025258v.1

1   DATED: July 25, 2025                    Respectfully submitted,

2                                           SEYFARTH SHAW LLP

3

4                                           By: */s/ Tara Mirchandani*
                                               Christian J. Rowley
5                                              G Daniel Newland
                                               Tara Mirchandani
6                                              James Sobolov
                                               Attorneys for Defendant
7                                              KAISER FOUNDATION HOSPITALS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL

319025258v.1