UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA LITVINOVA,<br><br>   Plaintiff,<br><br>   v.<br><br>KAISER FOUNDATION HOSPITALS, *et al.*,<br><br>   Defendants. | Case No. 25-cv-06253-SI<br><br>**ORDER TO SHOW CAUSE** |

   Defendants' motion to dismiss the complaint is scheduled for a hearing on October 10, 2025. In reviewing plaintiff's opposition brief, the Court has found that there are three instances in which plaintiff's counsel has cited a case for a quotation but the quotation does not appear anywhere in the case, as well as an instance in which plaintiff's counsel cited a case for a proposition that is not contained in that case.

   First, on page 6, lines 1-3, the opposition attributes the following quotation to *Hernandez v. Creative Concepts, Inc.*, 862 F. Supp. 2d 1073, 1085 (D. Nev. 2012): "Federal labor law does not preempt a state cause of action for tortious or criminal conduct, even if such conduct is arguably protected or prohibited by the NLRA." This quotation is not in *Hernandez*.

   Second, on page 6, lines 10-12, the opposition cites *Hayden v. Reickerd*, 957 F.2d 1506 (9th Cir. 1991), for the proposition that "the court found that claims involving abusive and tortious conduct were not preempted by *Garmon*, noting the 'state's interest in protecting individuals from personal injury and abuse.'" The quotation at the end of the sentence does not appear in *Hayden*.

   Third, also on page 6, lines 19-20, the opposition cites "*See Radcliffe*, 254 F.3d at 787 ('State court may award tort damages that the NLRB cannot.')." The quotation in the parenthetical does not appear in *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772 (9th Cir. 2001).

   Finally, on page 8 at lines 5-7, plaintiff asserts that "[c]ourts have held that workplace

retaliation combined with emotional abuse may constitute 'outrageous' conduct" with a citation to *Fletcher v. Western Nat. Life. Ins. Co.*, 10 Cal. App. 3d 376, 397 (1970). *Fletcher* did not involve workplace retaliation, but instead was a case brought by an insured against an insurance company for bad faith handling of an insurance claim. There is no discussion in *Fletcher* about workplace retaliation or what constitutes outrageous behavior in a workplace.

Federal Rule of Civil Procedure 11(b)(2) states,

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

Fed. R. Civ. Proc. 11(b)(2). Under Rule 11, a signature on a filing "certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Bus. Guides, Inc. v. Chromatic Commc'ns. Enters., Inc.*, 498 U.S. 533, 542 (1991). "[A]ny party who signs a pleading, motion or paper" has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Id.* at 551. Plaintiff's opposition brief was signed by plaintiff's counsel.

The Court hereby ORDERS plaintiff's counsel to explain in writing no later than **October 3, 2025**, how the above-identified errors came to be included in the opposition brief, including whether counsel used artificial intelligence, who prepared the brief, and who, if anyone, reviewed the brief prior to filing. Plaintiff's counsel is also directed to show cause why sanctions should not be imposed pursuant to Rule 11.

**IT IS SO ORDERED**.

Dated: September 23, 2025

_____
SUSAN ILLSTON
United States District Judge