**THE HACKETT LAW FIRM**
Dylan Hackett Esq. (SBN #329229)
PO Box 330168
San Francisco, CA 94133
Telephone: (415) 410-9931
email: dylanhackett@hackettfirm.com

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA LITVINOVA, | Case No.: 3:25-cv-06253-SI |
| Plaintiff. | |
| vs. | |
| | **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |
| KAISER FOUNDATION HOSPITALS; KAISER PERMANENTE; ANA HOUSE; SUZETTE SMITH; EUCHARIA VIXON; LIONEL HOYTE; LAURA JEFFERSON; and DOES 1 through 50, inclusive, | |
| Defendants. | |

## I.     INTRODUCTION

I, Dylan Hackett, counsel for Plaintiff, respectfully submit this response to the Court's Order to Show Cause. The Court has identified errors in my opposition brief regarding inaccurate quotations and citations. I take full responsibility for these errors and sincerely apologize to the Court and opposing counsel.

## II.     EXPLANATION OF ERRORS

In preparing the opposition, I mistakenly included quotations from my personal research notes that did not appear in the cited cases. Although my office relies on LexisNexis for research and I personally drafted the brief, I failed to confirm that the language in my notes precisely matched the authorities cited before incorporating them into the filing. This was a human error

on my part, not the product of artificial intelligence or any other outside tool. No AI was used at any stage in preparing the brief.

### III. CORRECTED CITATIONS

The legal propositions referenced in the opposition are supported by the following authorities:

1) "Federal labor law does not preempt a state cause of action for tortious or criminal conduct, even if such conduct is arguably protected or prohibited by the NLRA" is supported by the Supreme Court's decision in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959). The Court recognized that states retain the authority to regulate conduct that touches interests "deeply rooted in local feeling and responsibility," such as tortious or criminal acts, even when such conduct is arguably covered by the NLRA LP Enterprises and International Brotherhood of Electrical Workers, Local 532., 314 N.L.R.B. 580, 314 NLRB No. 99, 1994 NLRB LEXIS 568, Case 27-CA-11496..

2) "Claims involving abusive and tortious conduct were not preempted by Garmon, noting the 'state's interest in protecting individuals from personal injury and abuse'" is reflected in *Farmer v. United Brotherhood of Carpenters and Joiners*, 430 U.S. 290 (1977). The Court held that state tort claims, such as intentional infliction of emotional distress, are not preempted when they address conduct that is abusive and unrelated to the merits of a labor dispute, emphasizing the state's interest in protecting individuals from personal harm Sever v. Alaska Pulp Corp., 978 F.2d 1529, C & W Constr. Co. v. Brotherhood of Carpenters & Joiners, Local 745, 687 F. Supp. 1453.

3) "State court may award tort damages that the NLRB cannot" is supported by *Farmer*, where the Court acknowledged that state courts can provide remedies, such as damages for emotional distress, that are unavailable under the NLRA. This was also discussed in *Linn v. United Plant Guard Workers*, 383 U.S. 53 (1966), which allowed state

-2-
**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

defamation claims to proceed despite potential overlap with NLRA issues. United States v. Thordarson, 646 F.2d 1323.

4) "Workplace retaliation combined with emotional abuse may constitute 'outrageous' conduct" aligns with California case law on intentional infliction of emotional distress. For example, in Garcia v. Williams, 704 F. Supp. 984, the court noted that outrageous conduct in the employment context may arise from abuse, harassment, or demeaning acts accompanying an unfair termination. Similarly, *Davidson v. City of Westminster* defined outrageous conduct as behavior exceeding all bounds tolerated in a civilized society Garcia v. Williams, 704 F. Supp. 984, Edwards v. Marin Park, Inc., 356 F.3d 1058.

## IV. ASSURANCE OF ACCURACY GOING FORWARD

The human error that occurred in the preparation of the opposition will not happen again. The mistakes arose because I transcribed language from my handwritten research notes into the motion. Going forward, I will no longer rely on handwritten notes for transcription into filings, and I will ensure all case quotations are double-checked for accuracy.

Further, Plaintiff has retained new counsel. Hershey Law, located at 16255 Ventura Blvd., Suite 1205, Encino, CA 91436, will represent Plaintiff moving forward in this matter.

## V. RULE 11 CONSIDERATIONS

Plaintiff's counsel also acknowledges the Court's directive to show cause why sanctions should not be imposed pursuant to Rule 11. The errors in the opposition were the result of inadvertent human error, specifically, the mistaken transcription of handwritten research notes, rather than any attempt to mislead the Court or opposing counsel. I had a good-faith basis for the legal arguments presented, which are supported by established authority as clarified in the corrected citations above. While I take full responsibility for the inaccuracies and sincerely regret the oversight, I ask the Court to consider my candor in acknowledging the mistake, my prompt corrective action, and the steps taken to ensure this type of error does not recur.

//

//

//

//

## VI.  CONCLUSION

I deeply regret the errors in the opposition and again extend my sincere apologies to the Court and to opposing counsel. I take full responsibility for the mistakes and respectfully assure the Court that they will not recur.

DATED: September 29, 2025                    THE HACKETT LAW FIRM

                                             By: *Dylan Hackett*
                                             Dylan Hackett, ESQ. (SBN 329229)